UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ANTHONY JACKSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 1:18CV000216 SNLJ |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Anthony Jackson, a person in federal custody. On April 25, 2017, Jackson pled guilty to the offense of Interference with Commerce by Threat or Violence, in violation 18 U.S.C § 1951 (Count I); and Using a Firearm During a Crime of Violence of 18 U.S.C. § 924(c) (Count II). See *United States v. Jackson* 1:16CR119SNLJ. One February 20, 2018, this court sentenced Jackson to an aggregate 135-month term of imprisonment. This term consisted of 51 months for the Hobbs Act robbery on Count 1, and 84 months for the § 924(c) charge on Count II, to run consecutive to Count 1.

Jackson did not file a direct appeal, but on August 29, 2018, filed this motion under 28 U.S.C. § 2255 to vacate his sentence, claiming he received ineffective assistance of counsel as a result of his lawyer allowing him to plead guilty without telling him that Hobbs Act robbery in violation of 18 U.S.C. § 1951 "is no longer a crime of violence because it was considered [sic] such under an unconstitutionally vague statute." § 2255

Motion at 5. Alternatively, Jackson maintains his conviction violates due process and is a miscarriage of justice because "case law in the Sixth Circuit prescribes that 18 U.S.C. § 1951 does not meet the definition of a crime of violence." § 2255 Motion at 6. Because Hobbs Act robbery is in fact a crime of violence as defined in § 924(c)(3)(A), Jackson is not entitled to relief from his § 924(c) sentence on either ground.

Despite making these arguments, Jackson recognizes that there is Eighth Circuit precedent to the contrary in *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016) and *United States v. Farmer*, 73 F.3d 836, 843 (8th Cir. 1996), both of which held that Hobbs Act robbery is a crime of violence under the force/clause. Jackson attempts to distinguish those cases on the grounds that House analyzed Hobbs Act robbery under the three-strikes law in 18 U.S.C. § 3559, as opposed to the context of 8 U.S.C. § 924(c)(3)(A)'s elements clause. Importantly, however, the House court in fact found:

> House also claims that his life sentence is unlawful under 18 U.S.C. § 924(c)(3)(A), which provides penalties for "crime[s] of violence" or felonies that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." He contends that Hobbs Act robbery is not a crime of violence under this statutory definition. The district court sentenced House to life imprisonment under § 3559(c), however, not § 924(c). Furthermore, even if we analyzed the lawfulness of his sentence under § 924(c), we would be bound by Farmer, 73 F.3d at 842, where we concluded that Hobbs Act robbery has "as an element the use, attempted use, or threatened use of physical force against the person of another."

*House*, 825 F.3d at 387 (emphasis added).

All of the other circuit courts of appeals to have addressed the issue (namely, the First, Second, Third, Fifth, Sixth, Seventh, Tenth, and Eleventh) have uniformly

2

concluded that Hobbs Act robberies are crimes of violence under Section 924(c)(3)(A)'s force clause. See *United States v. Garcia-Ortiz*, 2018 WL 4403947 at *5 (1st Cir. Sept. 17, 2018) *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1066 (10th Cir. 2018); *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 140-41 (3d Cir. 2016); *United States v. Hill*, 832 F.3d 135, 140–44 (2d Cir. 2016); In re St. Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016); *United States v. Howard*, 650 Fed.Appx. 466, 468 (9th Cir. 2016). In reaching this conclusion, many of these courts addressed and rejected arguments similar to those raised by Jackson here. For example, in Garcia-Ortiz, the First Circuit rejected defendant's contention that the "physical force" required for a Hobbs Act robbery does not necessarily rise to the level of "violent force" set forth in *Johnson v. United States*, 559 U.S. 133, 140 (2010) (Johnson I).

In his motion, Jackson states "case law in the Sixth Circuit prescribes that 18 U.S.C. § 1951 does not meet the definition of crime of violence." Presumably, Jackson is erroneously referring to *United States v. Camp*, 903 F.3d 594, 600 (6th Cir. 2018), in which the Sixth Circuit court of appeals held that Hobbs Act robbery does not qualify as a crime of violence under the Guidelines' use-of-force clause as defined in U.S.S.G. § 4B1.2(a)(1). The Court so held because Hobbs Act robbery criminalizes the use or threatened use of force against "person or property," which does not suffice under § 4B1.2(a)(1), which is limited to force against a person.

3

Id.(emphasis added); see also *United States v. O'Connor*, 874 F.3d 1147, 1158-59 (10th Cir. 2017) (also finding Hobbs Act robbery does not constitute a crime of violence under the Guideline definition). However, even in Camp, the Sixth Circuit squarely recognized that Hobbs Act robbery qualifies a crime of violence under § 924(c) because it "clearly has as an element the use, attempted use, or threatened use of physical force against the person or property of another as necessary to constitute a crime of violence under § 924(c)(3)(A). Camp, 903 F.3d at 597 (emphasis added).

Based on the record before it, this Court concludes that Jackson was convicted of Hobbs Act robbery, which is a force/elements clause crime of violence under § 924(c)(3)(A). Jackson has failed to meet his burden of demonstrating his counsel's performance fell below an object standard of reasonableness; or that he suffered any prejudice as a result of his attorney's failure to advise him wrongly that Hobbs Act robbery did not qualify. Nor has Jackson shown that his conviction or sentence was illegal or violates of due process.

For the foregoing reasons, the § 2255 Petition is dismissed.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Jackson has not made a substantial showing of the denial of a federal constitutional right.

So Ordered this 22nd day of August, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE